IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| CECILIO LUVIANO-CARDENAS, #28787-359 | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv410 CRIM. NO. 4:07cr216(1) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant filed the above-styled and numbered *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The cause of action was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

On December 12, 2007, Movant pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to manufacture and distribute methamphetamine, in violation of Title 21 U.S.C. § 841(1)(a). On July 25, 2008, Movant was sentenced to 125 months of imprisonment. A direct appeal was not perfected. Although a notice of appeal was filed, the appeal was dismissed for want of prosecution.

Movant filed the present § 2255 motion, asserting that he is entitled to relief because his counsel was ineffective for failing to follow through with a direct appeal. He also complains of his counsel's ineffectiveness for failing to research and object to the Court's use of his two prior convictions and a violation of probation at sentencing and for failing to object to errors in the

1

presentence report. He seems to assert that, due to the ineffectiveness of his counsel, he pleaded guilty. The Government filed a Response, urging that Movant's claims are barred by his plea agreement. Movant did not file a Reply.

.                    Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. Defendant further agrees not to contest his sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an

ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

In the present case, Movant asserts that his counsel was ineffective for failing to proceed with an appeal on his behalf after being asked and being paid to do so. In 2007, the Fifth Circuit decided a case applicable to Movant's proceedings. In *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007), the movant, Timothy Tapp, contended that trial counsel rendered ineffective assistance by failing to timely file a notice of appeal. The district court concluded that this argument was unavailing because of Tapp's informed, voluntary waiver of his right to appeal his sentence. However, the Fifth Circuit held that if the petitioner is able to demonstrate that he requested an appeal, prejudice is presumed and he will be allowed to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of the appeal waiver.[1]

Movant declares that his family paid attorney Roger F. Joyner $10,000.00 to file an appeal on his behalf. Although counsel filed a notice of appeal, it was ultimately dismissed for want of prosecution for counsel's failure to arrange for transcripts and make financial arrangements with the

---

[1]*Tapp* cites other, unpublished Fifth Circuit cases in support of this holding, including *United States v. McMillen,* 96 Fed.Appx. 219 (5th Cir. 2004), *United States v. Albarran-Moreno*, 70 Fed.Appx. 215 (5th Cir. 2003), and *United States v. Johnson*, 244 F.3d 124 (5th Cir. 2000). In each of these cases, however, there were issues exempted from the waiver which could have been raised on direct appeal. *Tapp* makes clear that the existence of such exempted issues is not a consideration. *See Tapp*, 491 F.3d at 266 n.2.

Fifth Circuit Court of Appeals. Movant declares that Joyner never contacted him again although he and members of his family tried numerous occasions to reach him. He also declares that Joyner has not returned any of the $10,000 paid to him. The Government's Response noted that Movant's plea agreement waiver included a waiver of appeal, so counsel cannot be held ineffective for failing to perfect an appeal. The record is silent as to why counsel failed to perfect the appeal.

After reviewing the record, this Court concludes that Movant wished to file a direct appeal, this wish was made known to trial counsel, but trial counsel failed to follow through with such appeal following the filing of the notice of appeal. Accordingly, Movant is entitled to relief on this ground under *Tapp*, in the form of an out-of-time appeal.

The proper procedures for granting an out-of-time appeal pursuant to a § 2255 motion were set forth by the Fifth Circuit in *United States v. West*, 240 F.3d 456 (5th Cir. 2001). In that case, the Fifth Circuit states that when leave to file an out-of-time appeal in a criminal case is granted, the district court should reinstate the criminal judgment to trigger the running of a new Rule 4(b) appeal period. Citing *Mack v. Smith*, 659 F.2d 23, 25-26 (5th Cir. Unit A 1981), the Court explained that

> [If the movant] proves his [section 2255] claims to the satisfaction of the district court, the 2255 [motion] is to be dismissed without prejudice. [The] judgment of conviction is then to be reinstated on the docket of the trial court as of the date to be fixed by the trial court from which the time of the appeal shall run.

*West*, 240 F.3d 15 459. The Court went on to explain that this judgment-reinstatement procedure, including the dismissal of the Section 2255 proceeding without prejudice, should be followed by the courts in the Fifth Circuit in all cases involving out-of-time direct criminal appeals. That procedure, set out by the Fifth Circuit in *West*, should be applied in this case.

## RECOMMENDATION

It is accordingly recommended that Movant be allowed an out-of-time appeal. It is further

4

recommended that Movant's claim in the instant § 2255 motion that he was denied an appeal be dismissed without prejudice, as set forth in *West*. Finally, it is recommended that the Clerk reinstate the judgment of conviction in Movant's criminal case on the docket of that cause. In other words, the Clerk should re-enter the original judgment of conviction in the criminal case as of the date of entry of the final judgment in this Section 2255 proceeding.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 12th day of January, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE